TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
WINEBERG, SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3880
San Francisco, CA 94104-4811
Telephone: (415) 352-2200
Facsimile:   (415) 352-2222
tnarita@wsnlaw.com
jtopor@wsnlaw.com

Attorneys for Defendants
Collins Financial Services, Inc. and
Larry Vasbinder

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHATHAMEK SENGCHANTHALANGSY,<br><br>Plaintiff,<br><br>vs.<br><br>ACCELERATED RECOVERY SPECIALISTS, INC.; ACCELERATED RECOVERY SPECIALIST, INC.; ARS, INC.; ACCESS RECOVERY GROUP, INC.; DAVID M. DAVIS, AKA DAVID MC DAVIS; AKA DAVE MC DAVIS, AKA DAVID M. DAVIS, JR.; LEROY J. GUILLORY, AKA LEROY GUILLORY, AKA LEE GUILLORY; NEAL ANDERSON; COLLINS FINANCIAL SERVICES, INC.; LARRY VASBINDER; HARRY TOM MILLER; MARK A. SCARDINO; DOES 2 through 25, inclusive,<br><br>Defendants. | CASE NO.: C06 CV 1124-JAH (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS COLLINS FINANCIAL SERVICES, INC. AND LARRY VASBINDER**<br><br>**Date:** February 1, 2007<br>**Time:** 3:00 p.m.<br>**Ctrm:** 11, 2d Floor<br><br>**The Honorable John A. Houston** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Khathamek Sengchanthalangsy ("Plaintiff") was sued in a California state court collection action by defendant Accelerated Recovery Specialists, Inc. ("Accelerated") in connection with a Household Finance account. The First Amended Class Action Complaint ("FAC") names eleven defendants and asserts fourteen separate causes of action, all of which purportedly arise out of that collection action.

The three claims that Plaintiff asserts against defendants Collins Financial Services, Inc. ("Collins") and Larry Vasbinder ("Vasbinder") (collectively "Defendants") are based solely on an "Affidavit of Correctness" which was allegedly provided to the Plaintiff's counsel after the collection action was filed. This affidavit, however, is a communication made in connection with litigation, and its transmission cannot support any claim against Defendants.  The California Supreme Court has repeatedly held that statements made in connection with ongoing litigation are absolutely privileged.

Plaintiff's claims against Defendants fail as a matter of law, and because the litigation privilege is absolute, amendment would be futile.  Defendants respectfully request that this Court issue an Order, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, dismissing the Eleventh, Thirteenth and Fourteenth claims for relief asserted against Defendants, with prejudice.  There are no other claims asserted against Defendants, so a Judgment should also be entered in their favor.

## II.  ALLEGATIONS OF THE COMPLAINT

According to Plaintiff, in early 2001, he was contacted by defendant Ace Recovery Service ("ARS"), who claimed Plaintiff had an outstanding balance on a Household Finance account, as a co-signee with his cousin, Kenneta Sengchanthalangsy.  *See* FAC, ¶ 16.  Plaintiff claims this was not his debt, but that since he had an individual account with Household Finance in the mid-1990s, he was confused, and gave ARS "check by phone" authorization.  *Id*.  Upon realizing that the account was solely his cousin's, Plaintiff says he revoked his payment authorization, and took various steps to question the validity of the debt, including requesting verification of the debt.  *Id.*  He was subsequently served with a summons and complaint in a state court collection action initiated against him by defendant Accelerated relating to the Household account.  *Id.* ¶ 18.

The collection action was filed on November 7, 2005.  *Id*. Ex. C.  After the suit was filed, Plaintiff retained an attorney, who notified defendants Miller and Accelerated of alleged problems with the collection action, including the failure to respond to Plaintiff's request for verification.  *Id.* ¶ 19.  Miller and Accelerated responded in a letter dated January 27, 2006, and sent Plaintiff's counsel an Affidavit of Correctness, signed by defendant Vasbinder on behalf of defendant Collins.  *Id.* at ¶ 20 and Ex. F.  The letter stated, *inter alia*, "in an attempt to resolve your client's debt, please contact me upon receipt of this letter, . . ."  *Id*. at Ex. F.

Plaintiff alleges that the Affidavit of Correctness contained false and misleading statements and that the preparation and presentation of the Affidavit was itself false and misleading, particularly for claiming "personal familiarity" with the debt.  *Id*. ¶¶ 107, 123.  Plaintiff asserts fraud and negligence causes of action against Defendants, and also a cause of action under California Business

and Professions Code §§ 17200, *et seq.*, against all defendants, on behalf of himself and on behalf of a purported class. *Id.* ¶¶ 107, 123, 131.

## II. ARGUMENT

### A. Standards Applicable To A Motion For Judgment on the Pleadings

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." *See* Fed. R. Civ. P. 12(c). The standard applied to a motion for judgment on the pleadings is virtually identical to the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal 1997); *see also McGlinchy v, Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (same standard applicable where 12(c) motion based on failure to state a claim). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). In ruling on a motion for judgment on the pleadings, the court may consider "documents submitted with the complaint." *See E & J Gallo Winery v. Andina Licores S.A.*, 2006 WL 1817097, *3 (E.D. Cal. June 30, 2006).

While the Court must accept as true Plaintiff's material allegations and all reasonable inferences therefrom, *see McGlinchy*, 845 F.2d at 810, the Court need not accept as true conclusory allegations that are unsupported by the facts alleged or that are couched in factual allegation, *see Carmen*, 982 F. Supp. at 1401; *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"). But where, as here, it is clear that no relief could be granted to Plaintiff "under any set of facts that could be proven consistent with the

allegations," the Court may grant a motion for judgment on the pleadings. *McGlinchy*, 845 F.2d at 810.

### B. California's Litigation Privilege Provides An Absolute Bar To Liability Based Upon Alleged Communications Made In Connection With Judicial Proceedings

California courts and the California legislature have long recognized that any alleged communications made during or in connection with judicial proceedings are <u>absolutely</u> privileged, and may not form the basis of any subsequent claim against the speaker. "For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)." *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993).[1] The principal purpose of the privilege is "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (citations omitted). The usual formulation of the contours of the privilege was stated by the California Supreme Court in *Silberg* as follows:

> The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.

*Id.,* 50 Cal. 3d at 212.

Thus, the contents of all pleadings and process involved in any litigation are privileged communications and may not form the basis of any claim. *See, e.g., Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058 (2006) (privilege applies to false or perjurious testimony or pleadings). In addition, the privilege

---

[1] Section 47(b) of the California Civil Code provides in relevant part as follows: "A privileged publication or broadcast is one made: . . . (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law . . . ." Cal. Civ. Code § 47(b).

> applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, **even though the publication is made outside the courtroom and no function of the court or its officers is involved**.

*Silberg,* 50 Cal. 3d at 212 (emphasis supplied).

Because application of the privilege is essential to ensuring the integrity of the judicial process, California courts have given the privilege an expansive reach, using it to bar both statutory and tort causes of action, with a single exception for malicious prosecution suits. *See id.* at 215-16; *see also Olszewski v. Scripps Health*, 30 Cal. 4th 798, 831-32 (2003) (litigation privilege barred alleged class claims asserted under Business & Professions Code § 17200); *Rubin*, 4 Cal. 4th at 1200-04 (privilege barred claim for alleged violations of Business & Professions Code § 17200); *Ribas v. Clark*, 38 Cal. 3d 355, 364-65 (1985) (privilege barred claim for damages arising from alleged violations of Privacy Act, Penal Code §§ 630, *et seq*.); *Carden v. Getzoff*, 190 Cal. App. 3d 907, 909 n. 2 (1987) (privilege barred claim for fraud and deceit); *Steiner v. Eikerling*, 181 Cal. App. 3d 639, 642-43 (1986) (privilege barred claim based on publication of forged will prepared for probate); *Portman v. George McDonald Law Corp.*, 99 Cal. App. 3d 988, 989-90 (1979) (privilege barred claim for negligent misrepresentation).

Federal courts in California have applied the privilege in similar fashion, to bar actions based on communications occurring in prior legal proceedings. *See, e.g., E & J Gallo Winery v. Andina Licores S.A.*, 2006 WL 1817097 (E.D. Cal. June 30, 2006) (granting motion for judgment on pleadings pursuant to Rule 12(c)). In fact, Judge Anderson of this Court recently applied the privilege in granting a motion to dismiss a section 17200 claim, in *Taylor v. Quall*, 2006 WL 3193934, **1, 4 (S.D. Cal. Sept. 25, 2006).

In addition to pleadings and process involved in the litigation, the litigation privilege also "has been broadly construed to apply to demand letters and prelitigation communications by an attorney." *Knoell v. Petrovich*, 76 Cal. App.

1  4th 164, 171 (1999) (privilege barred claim based on statements made in
2  attorney's demand letter); *see also Rubin*, 4 Cal. 4th at 1194-95 (statements in
3  attorneys' pre-litigation notice of intent to sue were protected by the privilege);
4  *Home Ins. Co. v. Zurich Ins. Co.*, 96 Cal. App. 4th 17, 24 (2002) (privilege barred
5  claims based upon statements made by counsel during settlement negotiations);
6  *Larmour v. Campanale*, 96 Cal. App. 3d 566, 569 (1979) (attorney's demand letter
7  held privileged); *Lerette v. Dean Witter Org., Inc.*, 60 Cal. App. 3d 573, 577-78
8  (1976) ("Therefore, we hold that a demand letter such as that sent by Dubow is
9  fully privileged under section 47 as preliminary to a judicial proceeding.").

10       **C.    The Eleventh, Thirteenth, And Fourteenth Claims For Relief Against Vasbinder And Collins Are Based Solely Upon A Communication Made In Connection With The State Court Collection Action And Therefore Fail As A Matter Of Law**

12       Plaintiff's claims against Defendants are based solely on the "Affidavit of
13  Correctness" which was transmitted to Plaintiff's counsel in a settlement letter
14  after the collection action had been filed. *See* FAC ¶ 107, 123, 131, Ex. F. The
15  claims against Vasbinder and Collins are based solely upon communications made
16  within or in connection with the collection action, and therefore fall squarely
17  within the bar of the litigation privilege.
18       Plaintiff alleges that by claiming "'personal familiarity' with the debt
19  allegedly owed by Plaintiff" in the Affidavit, Vasbinder and Collins "engaged in
20  intentional misrepresentation, deceit, or concealment of material facts known to
21  such defendants" and breached a duty to Plaintiff. *See* FAC ¶¶ 107, 123. But the
22  Plaintiff cannot base his claims on statements made in connection with the
23  ongoing collection litigation, since the statements are absolutely privileged. *See,*
24  *e.g.*, *Zurich*, 96 Cal. App. 4th at 24 (claims based upon allegedly fraudulent
25  statements made by attorney in order to induce unfavorable settlement failed
26  because privilege "applies to statements made by counsel during settlement
27  negotiations") (citations omitted); *Petrovich*, 76 Cal. App. 4th at 171 (same:
28

plaintiff "can not [sic] plead around the litigation privilege based on the theory that the defamatory statements were fraudulently published to coerce a settlement"); *Silberg,* 50 Cal. 3d at 219-20 (privilege barred claim based on alleged false statements made by attorney during divorce proceedings); *see also Rubin,* 4 Cal. 4th at 1195-96 (§ 17200 claim based upon allegedly false statements made to potential clients concerning litigation barred by privilege); *Lamour v. Campanale*, 96 Cal. App. 3d 566, 569 (1979) (attorney demand letter relating to potential lawsuit held privileged); *Lerette*, 60 Cal. App. 3d at 577-78 (attorney demand letter privileged even though no lawsuit had been filed). None of the claims against defendants Vasbinder and Collins can survive here.

## IV.  CONCLUSION

All the claims alleged against defendants Vasbinder and Collins are based exclusively upon an affidavit provided in conjunction with a collection action. All alleged communications made in connection with that litigation are absolutely privileged and cannot form the basis of any claim against Defendants. The privilege is absolute, and therefore judgment on the pleadings should be granted in Defendants' favor on all three claims.

Defendants respectfully request that this Court enter an Order dismissing the Eleventh, Thirteenth and Fourteenth cause of action as against Defendants Vasbinder and Collins, with prejudice.

DATED: December 27, 2006     WINEBERG, SIMMONDS & NARITA, LLP
                             TOMIO B. NARITA
                             JEFFREY A. TOPOR


                             By:   s/Tomio B. Narita
                                   Tomio B. Narita
                                   Attorneys for Defendants
                                   Collins Financial Services, Inc. and
                                   Larry Vasbinder