STEVEN A. WICKMAN, ESQ. (CSB 165149)
CHRISTINA E. WICKMAN, ESQ. (CSB 236882)
WICKMAN & WICKMAN, ATTORNEYS AT LAW
5151 Murphy Canyon Road, Suite 100
San Diego, California 92123-4339
(858) 292-9999 Telephone
(858) 277-3456 Facsimile

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHATHAMEK SENGCHANTHALANGSY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACCELERATED RECOVERY SPECIALISTS, INC.; ACCELERATED RECOVERY SPECIALIST, INC.; ARS, INC.; ACCESS RECOVERY GROUP, INC; DAVID M. DAVIS, AKA DAVID MC DAVIS, AKA DAVE MC DAVIS, AKA DAVID M. DAVIS, JR., AKA DAVID DAVIS, AKA DAVE DAVIS; LEROY J. GUILLORY, AKA LEROY GUILLORY, AKA LEE GUILLORY; NEAL ANDERSON; COLLINS FINANCIAL SERVICES, INC.; LARRY VASBINDER; HARRY TOM MILLER; MARK A. SCARDINO; DOES 2 through 25, inclusive<br><br>Defendants. | CV NO.: 06CV1124-JAH(BLM)<br><br>**PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS COLLINS FINANCIAL SERVICES AND LARRY VASBINDER**<br><br>Date: February 01, 2007<br>Time: 3:00 p.m.<br>Judge: Hon. John A. Houston<br>Dept: 11 |

## I. PROCEDURAL BACKGROUND

Plaintiff SENGCHANTHALANGSY (pronounced seng-chan-ta-long-see) filed this action on May 23, 2006, and filed a *First Amended Complaint* on October 17, 2006. Defendants COLLINS

-1-

**PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS COLLINS FINANCIAL SERVICES AND LARRY VASBINDER                    06CV1124-JAH(BLM)**

FINANCIAL SERVICES; LARRY VASBINDER have filed the instant *Motion for Judgment on the Pleadings*.

## II. UNDERLYING FACTS

Defendant COLLINS FINANCIAL SERVICES, INC.(hereinafter CFSI) purchases consumer debt from "Issuers" (i.e. banks and finance companies). CFSI then resells such consumer debt to second-tier resellers of debt, as well as to debt collectors. Defendant LARRY VASBINDER (hereinafter VASBINDER) is the Chief Financial Officer & Chief Operating Officer at CFSI. Neither CFSI nor VASBINDER have ever been a party in any lawsuit involving Plaintiff (except the current action, of course).

In addition to selling the legal right to collect upon consumer debt, CFSI sells supporting documentation designed to "prove" that a particular debt is owed by a particular debtor. Specifically, CFSI sells "media" ($10.00) and "Affidavits" ($5.00) (See Exhibit 1, printout from website www.cfsi.net). "Media" includes debtors' credit card applications and monthly statements. "Affidavits" may include either "CFSI Affidavits" or "Issuer (i.e. "Original Creditor") Affidavits." Such documents serve to provide assurances to the debt purchaser and subsequent (second-tier) debt purchasers that they are buying "good debt." Debt collectors use media and Affidavits for many other purposes, including to refute debtors who deny owing debts, and for purposes of credit reporting to credit reporting agencies (i.e., Experian, Equifax, and Transunion).

On January 08, 2001, CFSI sold the SENGCHANTHALANGSY Household "debt" to ARS/ACCELERATED/ACCESS (they alternate names frequently, but are believed to be essentially the same entity), who then commenced collection efforts. Plaintiff initially agreed to pay, as he remembered that he had a Household account in the mid 1990s, and thought that maybe he had accidentally left a balance pending on the account. However, Plaintiff then researched the issue, and was able to confirm that he had, in fact, zeroed out his Household account balance long before. From March 2001, Plaintiff repeatedly advised the collecting individuals and entities that the account which they were collecting upon was not his.

-2-

**PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS COLLINS FINANCIAL SERVICES AND LARRY VASBINDER**   06CV1124-JAH(BLM)

On November 07, 2005, ACCELERATED filed a breach of contract action against SENGCHANTHALANGSY in The Superior Court, State of California, County of San Diego, North County Branch, Case No. IN 048520. On January 27, 2006, counsel for ACCELERATED (Harry Tom Miller, Esq.) mailed to counsel for SENGCHANTHALANSY correspondence/documents intended to convince SENGCHANTHALANGSY/counsel that SENGCHANTHALANGSY was, in fact, the correct debtor on the subject debt. Included with such correspondence was what attorney Miller referred to as "account information" contained on an "Affidavit of Correctness"(attached hereto as Exhibit 2) signed by VASBINDER on behalf of CFSI on March 03, 2005 (**or more than eight months before the Accelerated v. Sengchanthalangsy action was filed**) In such "Affidavit of Correctness," VASBINDER claims that he ". . . *is **personally familiar** with the debt. . . made by Ken Sengchanthalangsy and Kha Sengchanthalangsy ("the Debtor") made payable to Household Finance Corporation. . . and that the account has fully matured and on information and belief based upon business records from Household Finance Corporation the balance due remains unpaid* (emphasis added)."

On February 20, 2006, SENGCHANTHALANGSY sent discovery in the state court action to ACCELERATED, demanding documentation proving that he was the debtor on the subject account (such as the account application or billing statements). ACCELERATED failed to respond to Plaintiff's discovery and, instead, dismissed the <u>Accelerated v. Sengchanthalangsy</u> action on March 10, 2006, but only after Plaintiff had incurred substantial attorney's fees/costs defending the state case.

In truth, the debt with which Defendant VASBINDER claims "personally familiarity" **has never existed.** In truth, Defendants VASBINDER and CFSI **had no basis for claiming "personal familiarity" with the alleged debt** owed by SENGCHANTHALANGSY to Household. Since there was never any basis for claiming that "Kha Sengchanthalangsy" (Plaintiff in this lawsuit) was ever a debtor on the subject account, Defendant VASBINDER's sworn "personal familiarity" was **a purposeful factual misrepresentation under penalty of perjury made for the direct financial gain of CFSI and VASBINDER.** In other words, Defendants VASBINDER and CFSI perjured themselves for money,

-3-

**PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS COLLINS FINANCIAL SERVICES AND LARRY VASBINDER          06CV1124-JAH(BLM)**

but would now like to be released from this lawsuit by claiming that they should be protected by California's litigation privilege. Plaintiff asserts that application of California's litigation privilege is here inappropriate, primarily because: **(1)** VASBINDER/CFSI were not parties to or witnesses in any judicial proceeding at the time that the "Affidavit of Correctness" was issued on March 03, 2005, nor were they parties to or witnesses in any relevant judicial proceeding thereafter, and **(2)** no evidence whatsoever has been presented by moving party that VASBINDER/CFSI prepared the "Affidavit of Correctness" *for use in* a judicial proceeding, and. **(3)** no evidence whatsoever has been presented by moving party that VASBINDER/CFSI contemplated that the "Affidavit of Correctness" *might* be used in a judicial proceeding. In general terms, moving party has presented no authority which would justify extension of the California litigation privilege to a non-party, for-profit tortfeasor who prepares a fraudulent document for unspecified purposes.

### III. THE LAW

*A. Legal Standard of Review Applicable to this Motion*

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Nelson v. City of Irvine (9th Cir. 1998) 143 F. 3d 1196, 1200.

*B. Law Underlying Litigation Privilege in California*

California Civil Code §47(b) provides "A privileged publication or broadcast is one made . . . In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure. . . . "

California Civil Code §1714 provides "(a) Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or want of ordinary care or skill in the management of the or her property or person."

California Civil Code §3333 states that "For the breach of an obligation not arising from contract, the measure of damage, except where otherwise expressly provided by this code, is the amount which will

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS
COLLINS FINANCIAL SERVICES AND LARRY VASBINDER          06CV1124-JAH(BLM)

compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

"Nonparticipants and nonlitigants to judicial proceedings are never protected from liability under section 47(b)." Wise v. Thrifty Payless, Inc. (2000) 83 Cal. App. 4th 1296, 1304.

"Allowing a party at fault to evade responsibility for its wrongful conduct on the coattails of a statutory privilege enjoyed by someone else conflicts with (California Civil Code §§1714; 3333)." Wise v. Thrifty Payless, Inc., supra, 83 Cal. App. 4th 1296, 1305.

## IV. ARGUMENT

Statements made and sold by a reseller of consumer debt and information, when no evidence has been presented that such statements were made by a participant in litigation, or even for anticipated use in litigation, are not protected by the litigation privilege codified by California Civil Code §47(b). While attorney Miller would probably be protected by the litigation privilege for having utilized the fraudulent "Affidavit of Correctness," neither CFSI nor VASBINDER are so protected. Indeed, *"Section 47(b) privileges communications, not tortious conduct."* Marsh v. San Diego County, et al.,(2006) 432 F. Supp. 1035, 1056, (citing Kimmel v. Goland,(1990) 51 Cal. 3d 202, 205).

The case at hand involves legal issues which are similar to those faced by the Court in Wise v. Thrifty Payless, Inc., *supra*, 83 Cal. App. 4th 1296. The Wise case involved a situation in which a woman's prescription drug information was wrongfully (tortiously) provided by Thrifty Payless to the woman's husband, who then used such information to prejudice his wife in their divorce proceedings. The Wise Court held that, while the husband enjoyed the protection of the litigation privilege, non-litigant Thrifty Payless did not. The "policy of ensuring free access to the courts, encouraging zealous advocacy, and giving finality to judgments is not served by immunizing nonparticipants and nonlitigants whose wrongful conduct is unrelated to the judicial process." Wise v. Thrifty Payless, Inc., *supra*, 83 Cal. App. 4th 1296, 1307.

In the instant case, it is undeniable that Defendants CFSI and VASBINDER were nonlitigants in the Accelerated v. Sengchanthalangsy matter. Additionally, no evidence has been presented that

-5-

CFSI/VASBINDER contemplated that the "Affidavit of Correctness" would be used in the <u>Accelerated v. Sengchanthalangsy</u> litigation. Furthermore, even if evidence had been presented that CFSI/VASBINDER anticipated that the "Affidavit of Correctness" would be used in a judicial proceeding, the extension of the California litigation privilege to CFSI/VASBINDER in such a scenario would require this Court to expand current California law to encompass such a situation. Indeed, moving party has not and cannot present any case where a court has found that the California litigation privilege extends to for-profit sellers of consumer information/documentation who transact their business long before litigation is commenced. While there are cases which have held that an attorney's pre-filing settlement demands/discussions are protected by the privilege, no court has ever expanded the privilege to encompass circumstances such as are present in the case at bar. See, e.g., <u>Knoell v. Petrovich</u>, (1999) 76 Cal. App. 4th 164, 171; <u>Rubin v. Green</u> (1993) 4 Cal. 4th 1187, 1193.

## V. CONCLUSION

There are gaping evidentiary holes in the current *Motion*, which deficiencies, even if remedied, still would not call for application of California's litigation privilege. Simply put, Defendants CFSI and VASBINDER, who were never litigants in the <u>Accelerated v. Sengchanthalangsy</u> lawsuit, engaged in tortious conduct-for-profit long before such lawsuit was filed. Much like the Defendant in the <u>Wise</u> case, CFSI and VASBINDER seek to ride on the privileged coattails of Accelerated or Accelerated's counsel to avoid the consequences of their tortious acts. <u>Wise v. Thrifty Payless, Inc.</u>, supra, 83 Cal. App. 4th 1296, 1307. For these reasons, Defendants' *Motion for Judgment on the Pleadings* should and must be denied.

DATED: San Diego, California
January 17, 2007

WICKMAN & WICKMAN, ATTORNEYS AT LAW

STEVEN A. WICKMAN, ESQ.
Attorney for Plaintiff Khathamek Sengchanthalangsy

-6-