TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
MARGARET A. ZIEMIANEK (SBN 233418)
WINEBERG, SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3880
San Francisco, CA 94104-4811
Telephone: (415) 352-2200
Facsimile:   (415) 352-2222
tnarita@wsnlaw.com
jtopor@wsnlaw.com
mziemianek@wsnlaw.com

Attorneys for Defendants
Collins Financial Services, Inc. and
Larry Vasbinder

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHATHAMEK SENGCHANTHALANGSY,<br><br>Plaintiff,<br><br>vs.<br><br>ACCELERATED RECOVERY SPECIALISTS, INC.; ACCELERATED RECOVERY SPECIALIST, INC.; ARS, INC.; ACCESS RECOVERY GROUP, INC.; DAVID M. DAVIS, AKA DAVID MC DAVIS; AKA DAVE MC DAVIS, AKA DAVID M. DAVIS, JR.; LEROY J. GUILLORY, AKA LEROY GUILLORY, AKA LEE GUILLORY; NEAL ANDERSON; COLLINS FINANCIAL SERVICES, INC.; LARRY VASBINDER; HARRY TOM MILLER; MARK A. SCARDINO; DOES 2 through 25, inclusive,<br><br>Defendants. | CASE NO.: C06 CV 1124-JAH (BLM)<br><br>**REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS COLLINS FINANCIAL SERVICES, INC. AND LARRY VASBINDER**<br><br>Date:   February 1, 2007<br>Time:   3:00 p.m.<br>Ctrm:   11, 2d Floor<br><br>**The Honorable John A. Houston** |

## I. INTRODUCTION

Plaintiff Khathamek Sengchanthalangsy ("Plaintiff") has no valid claim against defendants Collins Financial Services, Inc. ("Collins") and Larry Vasbinder ("Vasbinder", collectively "Defendants"). He alleges that Defendants made false statements regarding Plaintiff's Household Finance Account in an "Affidavit of Correctness" ("Affidavit") that was sent by collection counsel in connection with attempting to resolve a collection lawsuit. All of the state law claims asserted against Defendants are barred by the litigation privilege.

Plaintiff never addresses the controlling authorities cited by Defendants in their opening memorandum, and he even acknowledges that collection counsel's use the use of the Affidavit is "probably [] protected by the litigation privilege." *See* Opposition at 5:12-13. He admits that "an attorney's pre-filing settlement demands/discussions are protected by the privilege." *Id.* at 6:8-9. In an effort to avoid the bar of the privilege, Plaintiff suggests it does not apply because these defendants were not parties in the underlying collection action. Plaintiff is incorrect, and he relies on a single, wholly distinguishable case for this argument.

The claims against Collins and Vasbinder fall squarely within the litigation privilege and are barred as a matter of law. Plaintiff has not suggested that he can amend his pleading to escape application of the litigation privilege. Accordingly, Collins and Vasbinder respectfully requests that the Court enter an Order granting their motion for judgment on the pleadings, with prejudice and without leave to amend, as to each claim asserted against them in the first amended complaint.

## II. ARGUMENT

### A. The Affidavit Was Transmitted In Connection With The Underlying Litigation And Thus The Litigation Privilege Applies

The only communication that Plaintiff challenges in his complaint (as relevant to Collins and Vasbinder) is the transmittal of the Affidavit by counsel in the collection action. The Affidavit was an attachment to a settlement letter. The

collection action had already been filed, and the face of the letter reveals that counsel was sending the letter to explain why the pending claim had merit and to discuss settlement. It is indisputable that the Affidavit was transmitted in connection with the litigation. Thus, any claim arising out of the Affidavit is barred by the litigation privilege.

Despite the arguments made in the opposition papers, the First Amended Complaint filed by Plaintiff is clear on this point. It alleges on January 6, 2006 – <u>after</u> Accelerated Recovery Specialists, Inc. ("Accelerated") filed the collection action against him – Plaintiff's counsel wrote to counsel for Accelerated, demanding that Accelerated dismiss the collection action, and alternatively requesting verification that Plaintiff owed the underlying debt. *See* First Amended Complaint ¶¶ 18-19 & Ex. D. Subsequently, Accelerated's counsel responded to Plaintiff's counsel, and enclosed a copy of the Affidavit with his letter. *See id.* ¶ 20 & Ex. F & Ex. A thereto. In closing, Accelerated's counsel expressed a willingness to discuss a settlement of the collection action, stating "[I]n an attempt to resolve your client's debt, please contact me upon receipt of this letter . . . ." *See id.* ¶ 20 & Ex. F at second page. Plaintiff is now suing Collins and Vasbinder based upon the transmission of the Affidavit in the collection action.

The letters exchanged by counsel in the collection action were undisputedly communications in connection with the litigation. The Affidavit was provided as part of that correspondence and was also provided in the context of a settlement discussion. As the California Supreme Court has repeatedly held, communications made in connection with ongoing litigation are absolutely privileged. Thus, Plaintiff's claims for fraud and negligence, and for violations of California's Unfair Competition Act, Cal. Bus. and Prof. Code § 17200, are barred. *See Olszewski v. Scripps Health*, 30 Cal. 4th 798, 831-32 (2003) (litigation privilege barred alleged class claims asserted under § 17200); *Rubin v. Green*, 4 Cal. 4th

1187, 1194-95, 1200-04 (1993) (same); *Carden v. Getzoff*, 190 Cal. App. 3d 907, 909 n. 2 (1987) (privilege barred claim for fraud and deceit); *Portman v. George McDonald Law Corp.*, 99 Cal. App. 3d 988, 989-90 (1979) (privilege barred claim for negligent misrepresentation); *Home Ins. Co. v. Zurich Ins. Co.*, 96 Cal. App. 4th 17, 24 (2002) (privilege barred claims based upon statements made by counsel during settlement negotiations); *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 171 (1999) (privilege barred claim based on statements made in attorney's demand letter).[1]

Plaintiff contends that the privilege does not apply here because defendants Collins and Vasbinder were not parties in the collection action. This is of no consequence, however, given that the relevant communication was the transmittal of the Affidavit in response to Plaintiff's request for verification that he owed the debt that Accelerated had sued on. In any event, as the court recognized in *Ascherman v. Nathanson*, 23 Cal. App. 3d 861 (1972), <u>non-litigants</u> are protected by the privilege where the communication bears a reasonable relation to a contemplated action. *See id.* at 865 (holding that absolute privilege extends to "preliminary conversations and interviews between a prospective witness and an attorney if they are some way related to or connected with a pending or contemplated action.").

As in *Ascherman*, the Affidavit falls within the privilege as it was provided to Accelerated in connection with Accelerated's attempt to collect on the Plaintiff's delinquent account. The Affidavit undeniably had "'some relation to a proceeding that [wa]s actually contemplated in good faith and under serious

---

[1] *See also Taylor v. Quall*, 458 F. Supp. 2d 1065, 1066-67 (S.D. Cal. 2006) (applying privilege and granting motion to dismiss § 17200 claim); *E & J Gallo Winery v. Andina Licores S.A.*, 2006 WL 1817097 (E.D. Cal. June 30, 2006) (granting motion for judgment on pleadings pursuant to Rule 12(c)).

consideration by . . . a possible party to the proceeding.'" *Block v. Sacramento Clinical Labs, Inc.*, 131 Cal. App. 3d 386, 393 (1982).

Even if it were true, as Plaintiff now suggests, that the Affidavit was generated months before the litigation actually commenced, the privilege still applies.[2] Obtaining the Affidavit was a preparatory step in furtherance of Accelerated's collection action, and thus the Affidavit is clearly privileged. *See id.* at 393-94 (contents of coroner's report, which was prepared and communicated at the request of the district attorney's office in furtherance of its investigation, was privileged); *see also Rubin*, 4 Cal. 4th at 1196 (litigation privilege barred claims based upon alleged misrepresentations concerning merits of a lawsuit that were made several months before suit filed).

Plaintiff relies heavily on *Wise v. Thrifty Payless, Inc.*, 83 Cal. App. 4th 1296 (2000), but *Wise* does not help him. In *Wise*, the plaintiff brought an action against Payless, asserting causes of action under California's Confidentiality of Medical Information Act, and for negligence and invasion of privacy. *See id.* at 1299. Plaintiff alleged that, despite her explicit instructions to the contrary, Payless impermissibly released highly confidential information to her husband regarding medications and treatments prescribed to plaintiff, after he claimed he needed the information *for the purpose of preparing his tax returns*. *See id.* at 1300. Plaintiff's husband subsequently used the information against Plaintiff in their divorce proceedings, and provided it to the Department of Motor Vehicles,

---

[2] Plaintiff suggests that the motion for judgment on the pleadings fails because defendants Collins and Vasbinder failed to present "evidence" that the Affidavit was prepared for use in a judicial proceeding or that defendants contemplated that the Affidavit might be used in a judicial proceeding. *See* Opposition at 4. Plaintiff's argument is wholly without merit, because a motion for judgment on the pleadings tests the sufficiency of the complaint - moving parties are not permitted, much less required to, proffer "evidence" in support of the motion. *See, e.g.*, Fed. R. Civ. Proc. 12(c).

which "launched an investigation into plaintiff's fitness to operate a motor vehicle." *See id.* The court found that Plaintiff's husband's use of the information in the divorce proceedings would have been protected by the privilege (had he been a party to the action), but held that the privilege did not apply to bar the action against Payless. *See id.* at 1301-02. *Wise* could not be more distinguishable.

Unlike *Wise*, the defendants here did not disclose sensitive, private information about Plaintiff to a third-party. Rather, Collins and Vasbinder allegedly provided the Affidavit to collections counsel in connection with a collection lawsuit. As the court in *Wise* specifically noted, the outcome would have been entirely different if the facts of *Wise* had been like the facts presented by this case:

> Had Payless provided the information to a litigant or attorney in order to further the object of litigation this case would stand in a far different posture, for there the paramount goal of encouraging freedom of access to the courts would implicated.

*Id.* at 1307. *Wise* does not help the Plaintiff here.

### C. The Wickman Declaration Improperly Submits Extrinsic Evidence And Must Be Stricken

Plaintiff seeks to introduce "evidence" through a declaration of his counsel that the Affidavit was not prepared in furtherance of contemplated litigation. *See* Declaration of Steven A. Wickman In Support of Plaintiff's Opposition to Motion For Judgment On the Pleadings By Defendants Collins Financial Services and Larry Vasbinder ("Wickman Decl."). The Wickman declaration attaches an unauthenticated document that Plaintiff's counsel apparently obtained while surfing the Internet, which he claims is a print-out of a page from Collins' website. *See id.* ¶ 3 & Ex. 1.

Exhibit 1 to the Wickman declaration is unauthenticated hearsay, and it constitutes extrinsic material that cannot be considered on a motion for judgment

1  on the pleadings.  Plaintiff's attempt to go beyond the face of his complaint is
2  wholly improper.  Accordingly, Defendants respectfully request that the Court
3  order the exhibit stricken from the record, and disregard this extrinsic evidence in
4  ruling on their motion for judgment on the pleadings.

5        A motion for judgment on the pleadings tests the "legal sufficiency of a
6  party's allegations," and therefore extrinsic evidence cannot be considered.
7  *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal.
8  1997) (internal citations omitted).  Where extrinsic evidence is presented to the
9  Court on a motion for judgment on the pleadings, the Court must exclude the
10 evidence or, in the alternative, treat the motion "as one for summary judgment and
11 dispose[] of [it] as provided in Rule 56."  Fed. R. Civ. P. 12(c).  The Court is not
12 required, however, to convert the motion to a summary judgment motion simply
13 because extrinsic evidence is presented to the Court.  *See Advanced*
14 *Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc*., 989 F. Supp. 1237, 1242 (N.D.
15 Cal. 1997).

16       Here, the extrinsic "evidence" offered by Plaintiff could not be properly
17 considered by the Court even if Defendants' motion was converted to a motion for
18 summary judgment, because Exhibit 1 is inadmissible.  *See* Fed. R. Civ. P. 56(e)
19 (only admissible evidence can be considered on a motion for summary judgment).
20 Plaintiff's counsel makes no effort to lay a foundation for the authenticity of the
21 document attached as Exhibit 1 to his declaration.  *See* Wickman Decl.  The Ninth
22 Circuit has repeatedly held that "documents which have not had a proper
23 foundation laid to authenticate them cannot support a motion for summary
24 judgment."  *Beyenne v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir.
25 1988).

26       A simple recitation that a document is a "true and correct copy" of what the
27 declarant claims it to be is insufficient.  *See id*.  The document therefore
28

constitutes inadmissible hearsay and could not be considered by the Court on a motion for summary judgment. *See id*. at 1181 ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment."). Accordingly, Defendants request that the Court disregard Exhibit 1.[3]

### III.  CONCLUSION

Each of the purported state law claims asserted by Plaintiff against Collins and Vasbinder are barred by the litigation privilege. Plaintiff has not indicated that he can amend his complaint to avoid the bar. Accordingly, for each of the foregoing reasons, defendants Collins and Vasbinder respectfully request that this Court enter an Order granting their motion for judgment on the pleadings with prejudice and without leave to amend.

DATED: January 25, 2007       WINEBERG, SIMMONDS & NARITA, LLP
                              TOMIO B. NARITA
                              JEFFREY A. TOPOR
                              MARGARET A. ZIEMIANEK


                              By:   s/Tomio B. Narita
                                    Tomio B. Narita
                                    Attorneys for Defendants
                                    Collins Financial Services, Inc. and
                                    Larry Vasbinder

---

[3] Even if the Court were to consider Exhibit 1, the conclusions that Plaintiff seeks to draw are unsupported by the document itself. Plaintiff claims that Exhibit 1 demonstrates that the alleged existence of information regarding preparation of Affidavits on Collins' website proves that the Affidavit was not prepared for contemplated litigation. There is simply no support for this *non-sequitur*.